MARK A. CASTILLO
TEXAS BAR NO. 24027795
MARISA O'SULLIVAN
TEXAS BAR NO. 24075611
**CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.**
901 MAIN ST., SUITE 5500
DALLAS, TX 75202
TELEPHONE: 214-855-3000
FACSIMILE: 214-580-2641

***COUNSEL FOR DEFENDANT TOBY NEUGEBAUER***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC., | § | CASE NO. 23-30246-MVL-7 |
| | § | |
| DEBTOR. | § | |
| | § | |
| | § | |
| FEDERAL INSURANCE COMPANY | § | |
| | § | |
| PLAINTIFF, | § | ADV. CASE NO. 25-03111-MVL |
| | § | |
| TOBY NEUGEBAUER, BRYAN JOINER, CHARLES HAMILTON, JOHN NORWOOD, | § | |
| | § | |
| DEFENDANTS. | § | |

**DEFENDANT TOBY NEUGEBAUER'S MOTION FOR (I) WITHDRAWAL OF THE REFERENCE OR, ALTERNATIVELY (II) PERMISSIVE ABSTENTION**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

Defendant Toby Neugebauer respectfully moves the Court to withdraw the reference of this adversary proceeding brought by Plaintiff Federal Insurance Company, or, alternatively, abstain from adjudicating this non-bankruptcy lawsuit. This motion is brought pursuant to 28 U.S.C. § 157(d), 28 U.S.C. § 1334(c)(1), Federal Rule of Bankruptcy Procedure 5011, and Local

Bankruptcy Rule 5011-1, and based upon the records and pleadings on file herein, the attached Brief in Support, and any argument made by counsel at the hearing on this matter.

Dated: January 30, 2026.

Respectfully submitted,

*/s/ Mark A. Castillo*
Mark A. Castillo
Texas Bar No. 24027795
Marisa O'Sullivan
Texas Bar No. 24075611
**Carrington, Coleman, Sloman & Blumenthal, L.L.P.**
901 Main St., Suite 5500
Dallas, TX 75202
Telephone: 214-855-3000
Facsimile: 214-580-2641
Email: markcastillo@ccsb.com

***Counsel for Defendant Toby Neugebauer***

## CERTIFICATE OF CONFERENCE

On January 30, 2026, the undersigned counsel hereby certifies that, prior to filing this Motion, she conferred with counsel for Federal Insurance Company, and counsel for Bryan Joiner, Charles Hamilton, and John Norwood regarding Mr. Neugebauer's Motion for (I) Withdrawal of the Reference or, Alternatively (II) Permissive Abstention. Counsel for Mr. Joiner, Mr. Hamilton, and Mr. Norwood does not oppose the motion. Counsel for Federal Insurance Company was unable to confirm his client's position on the motion at this time.

*/s/ Marisa O' Sullivan*
Marisa O'Sullivan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties via ECF-Notice or email on January 30, 2026.

*/s/ Victor G. Solyanik*
Victor G. Solyanik

MARK A. CASTILLO
TEXAS BAR NO. 24027795
MARISA O'SULLIVAN
TEXAS BAR NO. 24075611
**CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.**
901 MAIN ST., SUITE 5500
DALLAS, TX 75202
TELEPHONE: 214-855-3000
FACSIMILE: 214-580-2641

***COUNSEL FOR DEFENDANT TOBY NEUGEBAUER***

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC., | § | CASE NO. 23-30246-MVL-7 |
| | § | |
| DEBTOR. | § | |
| | § | |
| FEDERAL INSURANCE COMPANY, | § | |
| | § | |
| PLAINTIFF, | § | ADV. CASE NO. 25-03111-MVL |
| | § | |
| TOBY NEUGEBAUER, BRYAN JOINER, CHARLES HAMILTON, JOHN NORWOOD, | § | |
| | § | |
| | § | |
| DEFENDANTS. | § | |

# DEFENDANT TOBY NEUGEBAUER'S BRIEF IN SUPPORT OF HIS MOTION FOR (I) WITHDRAWAL OF THE REFERENCE OR, ALTERNATIVELY (II) PERMISSIVE ABSTENTION

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ..... ii

I. SUMMARY OF MOTION ..... 1

II. BACKGROUND ..... 2

III. ARGUMENTS AND AUTHORITY ..... 4

A. Chubb's Complaint was improperly referred because it does not "relate to" a case under Title 11. ..... 4

B. The Fifth Circuit's six factors also all favor withdrawing the reference. ..... 7

i. This matter is a non-core proceeding. ..... 7

ii. Hearing this case in bankruptcy court will not promote uniformity in bankruptcy administration. ..... 8

iii. There is no indicia of forum shopping by Defendants. ..... 9

iv. Withdrawing the reference will foster economic use of debtor and creditor resources. ..... 10

v. Withdrawing the reference will expedite the bankruptcy process. ..... 11

vi. Mr. Neugebauer will demand a jury trial. ..... 11

C. Permissive abstention is warranted. ..... 12

i. The following factors all support abstention. ..... 14

ii. The balance of the factors weighs heavily in favor of abstention. ..... 17

IV. CONCLUSION ..... 17

CERTIFICATE OF SERVICE ..... 18

## TABLE OF AUTHORITIES

### Cases

*G.A. Stowers Furniture Co. v. American Indemnity Co.*,
15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved) ........ 5

*Holland Am. Ins. Co. v. Succession of Roy*,
777 F.2d 992 (5th Cir. 1985) ........ 4, 7, 18

*In re Brit. Am. Props. III, Ltd.*,
369 B.R. 322 (Bankr. S.D. Tex. 2007) ........ 7, 8, 10

*In re Brown Med. Ctr., Inc.*,
578 B.R. 590 (Bankr. S.D. Tex. 2017) ........ 7, 10, 11

*In re Clay*,
35 F.3d 190 (5th Cir. 1994) ........ 11, 12

*In re Drs. Hosp. 1997, LP*,
351 B.R. 813 (Bankr. S.D. Tex. 2006) ........ 14, 16

*In re Dune Energy, Inc.*,
575 B.R. 716 (Bankr. W.D. Tex. 2017) ........ 15

*In re EbaseOne Corp.*,
No. 06–3197, 2006 WL 2405732 (Bankr. S.D. Tex. June 14, 2006) ........ 9, 10

*In re Farmers Tex. Cnty. Mut. Ins. Co.*,
621 S.W.3d 261 (Tex. 2021) ........ 5

*In re GenOn Mid-Atlantic Dev., LLC*,
42 F.4th 523 (5th Cir. 2022) ........ 5

*In re Houston Reg'l Sports Network, LP*,
514 B.R. 211 (Bankr. S.D. Tex. 2014) ........ 13, 14, 15, 17

*In re IO at Tech Ridge LP*,
646 B.R. 884 (Bankr. W.D. Tex. 2018) ........ 13, 14

*In re NC12, Inc.*,
478 B.R. 820 (Bankr. S.D. Tex. 2012) ........ 14

*In re Royce Homes*,
578 B.R. 748 (Bankr. S.D. Tex. 2017) ........ 10

*In re Schlotzsky's, Inc.*,
351 B.R. 430 (Bankr. W.D. Tex. 2006) ........ 13

*In re Special Value Continuation Partners, LP v. Jones*,
Adv. No. No. 11–3304, 2011 WL 5593058 (Bankr. S.D. Tex. Nov. 10, 2011) ........ 15

*In re U.S. Brass Corp.*,
301 F.3d 296 (5th Cir. 2002) ........ 8

*In re Wilborn*,
609 F.3d 748 (5th Cir. 2010) ........ 5

*In re With Purpose, Inc.*,
654 B.R. 715 (Bankr. N.D. Tex. 2023) .......... 14, 16, 17
*OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*,
841 F.3d 669 (5th Cir. 2016) .......... 12
*Phillips v. Bramlett*, 288 S.W.3d
876 (Tex. 2009) .......... 6
*Pride Transp. v. Cont'l Cas. Co.*,
511 Fed. App'x 347 (5th Cir. 2013) .......... 6, 9
*Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
77 S.W.3d 253 (Tex. 2002) .......... 6
*Rodriguez v. Countrywide Home Loans, Inc.*,
421 B.R. 341 (S.D. Tex. 2009) .......... 10, 11, 12
*Sherwin-Williams Co. v. Holmes Cnty.*,
343 F.3d 383 (5th Cir. 2003). .......... 15
*Westport Ins. Corp. v. Penn. Nat'l Mut. Cas. Ins. Co.*,
117 F.4th 653 (5th Cir. 2024) .......... 12

**Statutes**

28 U.S.C. § 1332 .......... 4
28 U.S.C. § 1334(b) .......... 4
28 U.S.C. § 1334(c)(1) .......... 2, 4, 12
28 U.S.C. § 157(a) .......... 4, 7
28 U.S.C. § 157(b) .......... 8
28 U.S.C. § 157(d) .......... 1
Texas Insurance Code § 541.060 .......... 6, 9, 12
Title 11 .......... 1, 6, 8, 12, 18

**Other Authorities**

*Bankruptcy Filings Increase 10.6 Percent*, UNITED STATES COURTS (Nov. 25, 2025) .......... 15
*Judiciary Funding Runs Out; Only Limited Operations to Continue*, UNITED STATES COURTS
(Oct. 17, 2025) .......... 15
*Northern Texas sees rise in number of bankruptcy cases, surpassing New York and New Jersey*,
REUTERS (Sept. 26, 2025) .......... 15

**Rules**

Misc. Rule No. 30 .......... 1

Defendant Toby Neugebauer submits this brief in support of his Motion for Withdrawal of the Reference pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5011-1, or, alternatively, permissive abstention, and would show the Court as follows:[1]

## I. SUMMARY OF MOTION

Plaintiff Federal Insurance Company ("Chubb") has filed an adversary proceeding in this bankruptcy court that involves a dispute between non-debtors over extracontractual and tort damages under state law that will have no effect on the bankruptcy estate. The reference for this proceeding should be withdrawn pursuant to 28 U.S.C. § 157(d) and Misc. Rule No. 30 because Chubb's claims for declaratory relief neither arise under Title 11, arise in a case under Title 11, nor relate to a case under Title 11. This is sufficient "cause" for withdrawal of the reference under § 157(d). Alternatively, in the interests of justice, comity with state courts, and/or respect for state law, the Court should abstain from hearing this non-bankruptcy dispute among non-debtor parties.

Chubb's declaratory judgment action only asks this Court to determine whether or not it fulfilled its Texas statutory and common law obligations to non-debtor insureds by evaluating and accepting a settlement demand that has already been paid. It is clear on its face that Chubb's complaint neither arises under Title 11, arises in a case under Title 11, nor relates to a case pending under Title 11. Instead, this is a typical action between an insurance company and its insureds that will be adjudicated under Texas law. Moreover, its resolution will have no effect on the bankruptcy estate. Chubb has already paid the bankruptcy estate; any action by Chubb or the insureds will not seek to recoup or disturb that payment. With the funds already paid, the bankruptcy estate has no interest in the outcome of a separate dispute between Chubb and its non-debtor insureds.

[1] This Motion is filed subject to, and without waiver of, Defendant's contemporaneously filed Motion to Dismiss and Abate.

Further, withdrawal of the reference is also proper because all of the Fifth Circuit factors to consider on a motion for withdrawal of the reference weigh in favor of withdrawal: (1) the insurance dispute is non-core, (2) hearing a Texas insurance dispute in bankruptcy court will not promote uniformity in bankruptcy administration because this case has no effect on the bankruptcy administration, (3) there is no indicia of forum shopping here by any Defendant, (4) hearing this case in bankruptcy court will not be an economical use of the debtors' and creditors' resources, (5) withdrawing the reference will expedite the bankruptcy process, and (6) Mr. Neugebauer will be requesting a jury trial. Thus, withdrawal is also proper under the Fifth Circuit's analysis for a motion for withdrawal of the reference.

Finally, this proceeding does not "relate to" to the bankruptcy case, but even if it does, permissive abstention is proper under 28 U.S.C. § 1334(c)(1). Most courts in the Fifth Circuit determine whether permissive abstention is warranted by analyzing fourteen different factors generally relating to the nature of the adversary proceeding, jurisdiction, issues of state law, effect on the bankruptcy proceeding, and prejudice to other parties. Here, ten out of the fourteen factors favor withdrawal, and courts within the Fifth Circuit have granted abstention based on far fewer factors, including this very Court. Thus, the balance of the factors shows that permissive abstention is warranted, even if the reference is not withdrawn in this case.

## II. BACKGROUND

Chubb issued Directors and Officers Liability Policy No. 8262-7893 to With Purpose, Inc. (the "Policy"). At various times over the past several years, Alan Carr, Toby Neugebauer, Bryan Joiner, Charles Hamilton, and John Norwood – all former directors, officers or employees of With Purpose – sought coverage from Chubb for claims lodged by Scott Seidel, the Chapter 7 trustee for With Purpose (the "Trustee").

On September 8, 2025, the Trustee purportedly made a settlement demand to Alan Carr for the lesser of $4.5 million or the remaining limits of the Policy (the "Carr Settlement Demand"). (*See* Doc. 623, ¶ ¶ 11-12). Only eight (8) days later, Chubb accepted the Carr Settlement Demand, and the Trustee petitioned the Court under Bankruptcy Rule 9019 for approval of the Carr Settlement thereafter. *See id.* On October 20, 2025, Chubb filed its Complaint for Interpleader and Declaratory Relief against Defendants and the Trustee, With Purpose, GloriFi Acquisitions, LLC, and Alan Carr, seeking declaratory relief and an adjudication of the apportionment of defense costs in light of the acceptance of the Carr Settlement Demand. (Doc. 646).

On October 28, 2025, this Court entered its 9019 order approving the compromise and settlement with Carr, finding that the terms of the Carr Settlement Demand were in the best interest of the bankruptcy estate (the "9019 Order"). (Doc. 662). Pursuant to the 9019 Order, Chubb and the insureds under the Policy stipulated as to the payment of previously incurred defense costs under the Policy. (Doc. 684). After resolving the previously incurred defense costs, Chubb paid the remaining $4,076,418.73 of the Policy limits to the Trustee. *See id.*

Then, on December 17, 2025, Chubb filed its Amended Complaint for Declaratory Relief, naming as defendants Neugebauer, Joiner, Hamilton, and Norwood (the "Complaint") (Adv. Proc. Doc. 11). Through amendment, Chubb's Complaint dropped its interpleader claims in light of the stipulation and dismissed the Trustee, With Purpose, GloriFi, and Carr as parties. Chubb's Complaint is now limited to two very narrow issues:

**First,** Chubb seeks a declaration on whether it acted reasonably and pursuant to Texas insurance law in its acceptance of the Carr Settlement Demand. (Complaint, ¶¶ 54-61).

**Second,** Chubb seeks a declaration as to whether it has fully satisfied its obligations to Defendants under the Policy, at law, in equity, or otherwise, which will also be adjudicated under Texas insurance law. *Id.* at ¶¶ 62-69.

Neither issue is properly heard in bankruptcy court.

## III. ARGUMENTS AND AUTHORITY

Chubb's Complaint does not belong in this Court. The only jurisdictional basis for Chubb's filing is that it purportedly "relates to" a Title 11 case (i.e. With Purpose's bankruptcy proceeding). (Complaint, ¶ 10). However, because there is no longer any conceivable impact on the bankruptcy estate, this Court should withdraw the reference. Separately, each of the Fifth Circuit factors explained in *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985) overwhelmingly support withdrawal as well.

Further, Chubb's claims do not relate to the bankruptcy case, but even if they did, permissive abstention is warranted under 28 U.S.C. § 1334(c)(1), because this proceeding involves a dispute exclusively between non-debtors over non-core claims involving issues of state law which will have no impact on the bankruptcy estate.

### A. Chubb's Complaint was improperly referred because it does not "relate to" a case under Title 11.

Fundamentally, this Court has cause to withdraw the reference because the reference was not proper in the first place. Under § 157(a) of Title 28[2], the District Court has authority to refer the following cases to a bankruptcy judge:

(1) those arising under Title 11,

(2) those arising in a Title 11 case, or

[2] The other jurisdictional bases cited in Chubb's Complaint (namely 28 U.S.C. § 1334(b) and 28 U.S.C. § 1332) may be grounds for a case to proceed in *federal* court, but they do not support the position that the Complaint should be adjudicated in *bankruptcy* court, so Mr. Neugebauer does not address them here.

(3) those relating to a Title 11 case.

Rightfully, Chubb does not appear to assert (1) or (2) apply, because they do not. *In re Wilborn*, 609 F.3d 748, 752 (5th Cir. 2010) (holding that a proceeding arises under the Bankruptcy Code if a plaintiff asserts a right created by the Bankruptcy Code and that a proceeding arises in a bankruptcy case if the plaintiff asserts a claim that could not exist outside of bankruptcy).

So, Chubb must allege that its Complaint is "related to" a bankruptcy case to show that it belongs in this Court. It fails to do so. Under well-established Fifth Circuit law, an action is only related to a bankruptcy case if the outcome could conceivably affect the ***bankruptcy estate***. *In re GenOn Mid-Atlantic Dev., LLC*, 42 F.4th 523, 534 (5th Cir. 2022). Here, there is no imagined, far-reaching scenario wherein Chubb's Complaint could have any impact whatsoever on the bankruptcy estate.

Chubb's two declaratory judgment claims solely relate to the propriety of its acceptance of the Carr Settlement Demand. Its argument is that the Carr Settlement Demand qualified as a valid "*Stowers* demand" under *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved). Under Texas' *Stowers* doctrine, an insurer may face extracontractual liability for failing to settle a claim made against an insured if the contents of that settlement demand meet the prescribed factors. *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 267 (Tex. 2021) (a *Stowers* duty is triggered by a settlement demand when: (1) the claim against the insured is within the scope of coverage; (2) the demand is within the policy limits; and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment). *Stowers* exposure only exists when the terms of the demand are such that an ordinarily prudent insurer would accept it, and courts consider the likelihood and degree of the insured's potential

exposure to an excess judgment. *Pride Transp. v. Cont'l Cas. Co.*, 511 Fed. App'x 347, 351 (5th Cir. 2013).

Chubb's *Stowers* exposure has nothing to do with bankruptcy and Chubb has no obligations to the estate. This dispute revolves around Chubb's request for an advisory opinion of an insurer's common law duty to its insureds to settle third-party claims against the insureds when it is reasonably prudent to do so. *Phillips v. Bramlett*, 288 S.W.3d 876, 879 (Tex. 2009). A *Stowers* duty is a privately held right of the insured, enforceable against the insurer, and completely unrelated to the bankruptcy case. *See id.*

Moreover, an analysis under the *Stowers* doctrine is inevitably intertwined with an insurer's liability under Texas Insurance Code § 541.060. Chubb's statutory liability for failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement is similarly analyzed in parallel with the common law *Stowers* standard. *See Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 77 S.W.3d 253, 260-61 (Tex. 2002). Thus, like under the *Stowers* doctrine, Chubb's statutory liability will depend on whether the settlement demand terms were such that an ordinarily prudent insurer would accept it. *See id.* at 262.

An adjudication of Chubb's extracontractual liability to non-debtor insureds under these standards is wholly distinct from the Court's 9019 Order. Whereas the 9019 Order focused on whether the Carr settlement was in the best interest of the *bankruptcy estate* (*see* Doc. 662, pg. 2), Chubb's Complaint (if not dismissed) requires an analysis of the non-debtor insurer's duties to its non-debtor insureds under Texas tort and statutory law. *See Rocor*, 77 S.W.3d at 262. As to the interest of the estate, any disputes over incurred defense costs have been resolved and the Carr settlement has been paid to the estate. The resolution of any remaining insurance issues will not disrupt funds already paid.

This Court has cause to withdraw the reference as to Chubb's Complaint, because the reference was not proper in the first place. This case neither arises under Title 11, arises in a Title 11 case, nor relates to a Title 11 case.

**B. The Fifth Circuit's six factors also all favor withdrawing the reference.**

Although there is already cause to withdraw the reference because it was improper under § 157(a), this Court has additional cause because the Fifth Circuit's six factors weigh in favor of withdrawing the reference. Adjudicating Chubb's Complaint in this Court:

(1) is a non-core proceeding;
(2) does not promote uniformity of bankruptcy administration;
(3) does not reduce forum shopping;
(4) does not foster economic use of debtor and creditor resources;
(5) does not expedite the bankruptcy process; and
(6) a jury demand will be made that cannot be fulfilled in this Court.

*Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). Courts weigh the balance of the facts when ruling on a motion to withdraw the reference. *See, e.g.*, *In re Brit. Am. Props. III, Ltd.*, 369 B.R. 322, 326 (Bankr. S.D. Tex. 2007). However, courts give more weight to the sixth factor, the jury demand, than to any other factors because of the importance of the right to a jury trial. *Id.*; *In re Brown Med. Ctr., Inc.*, 578 B.R. 590, 600 (Bankr. S.D. Tex. 2017).

**i. This matter is a non-core proceeding.**

Chubb's claims are non-core proceedings because they neither arise under Title 11 nor arise in a bankruptcy case. The Fifth Circuit has explained that §157 equates core proceedings with the categories of "arising under Title 11" or "arising in a bankruptcy case," and core proceedings are those that invoke a substantive right provided by Title 11 or a proceeding that, by its nature, could arise only in the context of a bankruptcy case. *In re U.S. Brass Corp.*, 301 F.3d 296, 304 (5th Cir. 2002). Similarly, the list of core proceedings in 28 U.S.C. § 157(b) are all fundamentally

bankruptcy-related, clearly tied to adjudicating issues impacting the estate, and are not even remotely similar to Chubb's declaratory judgment claims relating to its acceptance of the Carr Settlement Demand.[3]

Rightfully, Chubb does not allege the Complaint arises under Title 11 nor arises in a bankruptcy case.[4] Therefore, Chubb's claims are all non-core proceedings, and this factor weighs in favor of withdrawal.

**ii. Hearing this case in bankruptcy court will not promote uniformity in bankruptcy administration.**

Chubb asks this Court to decide a state law dispute between a non-debtor insurer and its non-debtor insureds over extracontractual liability: issues that have not and should not be heard here. *See In re Brit. Am. Props. III, Ltd.*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007) (the fact that the court had not invested significant time or resources becoming familiar with the adversary proceeding, coupled with the fact that the court had not yet made any other rulings in the adversary proceeding, favored withdrawal). As discussed, the 9019 Order dealt with whether the Carr Settlement Demand was in the best interests of the estate. (*See* Doc. 662, pg. 2). Conversely, Chubb's Complaint addresses completely different questions of law and fact and instead asks this Court to determine whether Chubb's acceptance of the Carr Settlement Demand violated Chubb's

[3] Section 157(b)(2)'s list of core proceedings includes: **(A)** matters concerning the administration of the estate; **(B)** allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11; **(C)** counterclaims by the estate against persons filing claims against the estate; **(D)** orders in respect to obtaining credit; **(E)** orders to turn over property of the estate; **(F)** proceedings to determine, avoid, or recover preferences; **(G)** motions to terminate, annul, or modify the automatic stay; **(H)** proceedings to determine, avoid, or recover fraudulent conveyances; **(I)** determinations as to the dischargeability of particular debts; **(J)** objections to discharges; **(K)** determinations of the validity, extent, or priority of liens; **(L)** confirmations of plans; **(M)** orders approving the use or lease of property, including the use of cash collateral; **(N)** orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; **(O)** other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and **(P)** recognition of foreign proceedings and other matters under chapter 15 of title 11.

[4] *See supra* § 3.a.

Texas tort and statutory obligations to non-debtor insureds. This Court has not analyzed whether the terms of the Carr Settlement Demand were such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. *See Pride Transp. v. Cont'l Cas. Co.*, 511 Fed. App'x 347, 351 (5th Cir. 2013). Nor has it addressed whether Chubb in good faith effected a prompt, fair, and equitable settlement. *See* Tex. Ins. Code § 541.060(a)(2).

Because this Court has not invested large amounts of time and resources into the non-debtor extracontractual issues addressed in Chubb's Complaint, this factor favors withdrawal.

**iii. There is no indicia of forum shopping by Defendants.**

There is no concern that Defendants are trying to evade this Court's jurisdiction over core claims by forum shopping, because this matter constitutes a non-core proceeding. If this Court were to adjudicate Chubb's Complaint, it would have to submit its recommended findings of fact and conclusions of law to the District Court, and the District Court would then need to enter its final judgment after a *de novo* review. *See In re EbaseOne Corp.*, No. 06–3197, 2006 WL 2405732, at *4 (Bankr. S.D. Tex. June 14, 2006). Under these circumstances, the motion does not constitute forum shopping. *See id.* Instead, withdrawal of the reference is nothing more than a reasonable effort to have a non-core proceeding litigated in a proper forum and with a minimum of time and expense. *See id.* (noting it would be more efficient and less costly for the district court to adjudicate the dispute once and for all, rather than for the bankruptcy court to hold a trial and then have the district court review its findings and conclusions *de novo*).

Further, the motion for withdrawal of the reference has not been delayed, with Defendants hoping to "lay behind the log" to determine how this Court would rule before seeking to withdraw the reference. *See In re Royce Homes*, 578 B.R. 748, 761 (Bankr. S.D. Tex. 2017) (the fact that

party sought withdrawal prior to court's decision on a motion to dismiss supported the finding that there was no forum shopping). Instead, Mr. Neugebauer has been consistent that the reference of this adversary proceeding should be withdrawn, as evidenced by the fact that he is filing the motion in a timely manner. *See Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 353 (S.D. Tex. 2009) ("Countrywide has consistently asserted that these proceedings should be withdrawn to this Court, which discourages a finding of forum-shopping.").

Because there is no indicia of forum shopping by any Defendant, this factor weighs in favor of withdrawal. *See In re EbaseOne*, 2006 WL 2405732, at *4 (the fact that movant was not forum shopping weighed in favor of withdrawal).

**iv. Withdrawing the reference will foster economic use of debtor and creditor resources.**

Withdrawing the reference will prevent the needless expense of debtor and creditor resources. One of the purposes of bankruptcy is to maximize the efficient use of resources to administer the debtor's estate and resolve related litigation. *In re Brown Med. Ctr.*, 578 B.R. 590, 599 (Bankr. S.D. Tex. 2016). The parties have not spent significant time briefing the Court on the merits on this dispute. *See In re British Am. Props. III, Ltd.*, 369 B.R. 322, 328 (Bankr. S.D. Tex. 2007) (holding that the expense to the parties would not be increased by the district court adjudicating the dispute, because the motion to withdraw was filed soon after the complaint was filed). Thus, the parties have not invested significant resources in this proceeding before the Court and will not therefore "lose" any amounts spent in this Court beyond this motion. *See id.* Therefore, this factor favors withdrawal.

**v. Withdrawing the reference will expedite the bankruptcy process.**

Because Chubb's claims are unrelated to the bankruptcy, withdrawing the reference will expedite the bankruptcy process by, at a minimum, relieving this Court from administering a state

law insurance case among non-debtors. This factor analyzes the importance of the proceeding to the bankruptcy case and mandates that the Court refuse to withdraw the reference if the withdrawal would unduly delay the administration of the *bankruptcy case*. *In re Brown Med. Ctr., Inc.*, 578 B.R. 590, 599 (Bankr. S.D. Tex. 2016). Chubb's claims are of zero importance to the bankruptcy, because, as discussed at length above, the claims will have no impact on the estate. Therefore, withdrawing the reference as to the insurance dispute would expedite administration of the bankruptcy estate, rather than delay it. This factor favors withdrawal.

**vi. Mr. Neugebauer will demand a jury trial.**

Because of the importance of the right to a jury trial, this factor should be given the most weight. *See In re Brown Med. Ctr., Inc.*, 578 B.R. 590, 599 (Bankr. S.D. Tex. 2016) (giving most weight to jury trial factor). When one party requests a jury trial, but does not consent to conducting the trial in the bankruptcy court, this may justify withdrawal of the reference. *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 352 (S.D. Tex. 2009). The Fifth Circuit recognized the importance of a jury trial in *In re Clay*, 35 F.3d 190, 198 (5th Cir. 1994), wherein it ordered the district court to withdraw the reference to the bankruptcy court for claims to which the right to a jury trial attached.

Here, Mr. Neugebauer is entitled to a jury trial to determine whether Chubb violated its *Stowers* and Texas Insurance Code duties. *See Westport Ins. Corp. v. Penn. Nat'l Mut. Cas. Ins. Co.*, 117 F.4th 653, 676-79 (5th Cir. 2024) (reviewing the jury instructions on whether an insurer violated its *Stowers* duty); *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 675 (5th Cir. 2016) (reviewing jury verdict on violation of *Stowers* duties and violation of Tex. Ins. Code Ann. § 541.060); Tex. Ins. Code Ann. § 541.060. Mr. Neugebauer is entitled to a jury trial and will not consent to conduct the jury trial in bankruptcy court; that is sufficient grounds for the Court to

grant the motion for withdrawal of the reference on its own. *See In re Clay*, 35 F.3d at 198 (ordering district court to withdraw reference because party was entitled to jury trial and the bankruptcy judge did not have the constitutional and statutory authority to conduct a jury trial without the consent of the parties); *Rodriguez*, 421 B.R. at 352 (noting that withdrawal of the reference may be justified when party is entitled to jury trial and does not consent to conducting the trial in a bankruptcy court).

Therefore, this factor favors withdrawal.

**C. Permissive abstention is warranted.**

Withdrawal of the reference is proper here because this proceeding does not even relate to the bankruptcy case, but even if this Court were to find that this proceeding does relate to the bankruptcy case, permissive abstention is warranted under 28 U.S.C. § 1334(c)(1). Under § 1334(c)(1), a district court may abstain from hearing a particular proceeding arising under Title 11, arising in a case under Title 11, or related to a case under Title 11, in the interest of justice or in the interest of comity with state courts or respect for state law. Most courts in the Fifth Circuit determine whether permissive abstention is warranted by evaluating fourteen factors:

> (1) Effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention;
>
> (2) Extent to which state law issues predominate over bankruptcy issues;
>
> (3) Difficult or unsettled nature of applicable law;
>
> (4) Presence of related proceeding commenced in state court or other non-bankruptcy proceeding;
>
> (5) Jurisdictional basis, if any, other than § 1334;
>
> (6) Degree of relatedness or remoteness of proceeding to main bankruptcy case;
>
> (7) The substance rather than the form of an asserted core proceeding;
>
> (8) The feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court;
>
> (9) The burden of the bankruptcy court's docket;

(10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) The existence of a right to a jury trial;

(12) The presence in the proceeding of non-debtor parties;

(13) Comity; and

(14) Possibility of prejudice to other parties in the action.

*In re IO at Tech Ridge LP*, 646 B.R. 884, 891 (Bankr. W.D. Tex. 2018); *In re Houston Reg'l Sports Network, LP*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014). Courts balance the factors to determine whether permissive abstention is appropriate, but these tests are not dispositive. *See In re Schlotzsky's, Inc.*, 351 B.R. 430, 434-35 (Bankr. W.D. Tex. 2006). Beyond just tallying which factors weigh in favor of and against abstention, courts must determine which arguments are of greater importance and persuasion, given the nature of the lawsuit. *See In re Houston*, 514 B.R. at 217. Many of these factors overlap with the factors already discussed in the withdrawal of the reference analysis, and Defendant will not belabor them below.

**i. The following factors all support abstention.**

For factor (1), as discussed previously, abstention will support the efficient administration of the bankruptcy estate.[5] Even if Chubb's claims are "related to" the bankruptcy case (which they are not), they would be on the outer fringes of the Court's "related to" jurisdiction, and thus would not have a significant effect on the administration of the bankruptcy estate. *See In re Houston*, 514 B.R. at 215 (factor (1) favored abstention where proceeding dealt with non-core issues with a remote connection to the bankruptcy proceeding); *In re NC12, Inc.*, 478 B.R. 820, 839-40 (Bankr. S.D. Tex. 2012) (court discretionarily abstained from hearing fraud claims that were "on the outer fringes of the Court's related-to jurisdiction").

[5] *See supra* §§ III.B.iv-v, discussing how withdrawing the reference will foster economic use of debtor and creditor resources and will expedite the bankruptcy process.

Factor (2) supports abstention because all of the claims in this lawsuit are state law claims relating to extracontractual and tort damages.[6] *See In re With Purpose, Inc.*, 654 B.R. 715, 730 (Bankr. N.D. Tex. 2023) (Larson, J.) (predomination of state law issues favored abstention); *In re Houston*, 514 B.R. at 215 (the fact that all of the claims in the lawsuit were state law claims supported abstention); *In re IO at Tech Ridge*, 646 B.R. at 892 (same); *In re Drs. Hosp. 1997, LP*, 351 B.R. 813, 848 (Bankr. S.D. Tex. 2006) (same).

Factor (6) also favors abstention. As discussed at length above, this proceeding has no relation to the bankruptcy case.[7] *See In re Houston*, 514 B.R. at 216 (factor (6) favored withdrawal for the same reasons as factor (1)).

Factor (7) also favors abstention, because this proceeding is not a core proceeding.[8] *See In re With Purpose*, 654 B.R. at 730 (non-core issues in lawsuit favored abstention); *In re Houston*, 514 B.R. at 216 (same); *In re Dune Energy, Inc.*, 575 B.R. 716 (Bankr. W.D. Tex. 2017) (same).

Factor (8) supports abstention, because it would not be problematic to sever this lawsuit from the core bankruptcy proceedings outside this adversary; this lawsuit is between non-debtors and based entirely on state law causes of action. *See In re Houston*, 514 B.R. at 216; *In re Special Value Continuation Partners, LP v. Jones*, Adv. No. No. 11–3304, 2011 WL 5593058, at *9 (Bankr. S.D. Tex. Nov. 10, 2011) (finding it would not be problematic to sever lawsuit between non-debtors, involving issues of state law, and based on events occurring prior to the bankruptcy proceedings).

For factor (9), this Court is in a much better position to determine the burden imposed on its own docket, but bankruptcy filings have increased significantly over the past year and are

---

[6] *See supra* § III.A, discussing the nature of the issues involved in Chubb's declaratory judgment action.
[7] *See supra* § III.A, discussing how the claims at issue do not "relate to" the bankruptcy case.
[8] *See supra* § III.B.i, discussing how this proceeding is not a core proceeding.

expected to continue to increase this year, suggesting that the Court's docket is already burdened.[9] Further the material uptick in complex bankruptcy filings in this District may be exacerbated by recent federal shutdowns and potential funding reductions.[10]

Factor (10) favors abstention. As discussed, Defendants are not engaged in forum shopping,[11] but Chubb's choice of forum is highly suspect. The Fifth Circuit has held that merely filing a declaratory judgment in a federal court with jurisdiction to hear it is not in itself forum shopping. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 391 (5th Cir. 2003). However, Chubb has not merely filed a declaratory judgment action in a federal court with jurisdiction to hear it, because instead it seeks to impermissibly expand the scope of bankruptcy court jurisdiction by filing this case in a bankruptcy court. Thus, Chubb's choice of forum is highly suspect and reeks of forum shopping.

Factor (11) favors abstention, because Mr. Neugebauer has a right to and will demand a jury trial.[12]

Factor (12) favors abstention, because this proceeding only involves non-debtor parties. *See In re With Purpose*, 654 B.R. at 730-31 (involvement of only non-debtor parties favored abstention); *In re Drs. Hosp.*, 351 B.R. at 853.

Finally, factor (14) also weighs in favor of abstention, because neither party will be prejudiced by abstention. Neither party will be prejudiced by having to expend additional

---

[9] *See Bankruptcy Filings Increase 10.6 Percent*, UNITED STATES COURTS (Nov. 25, 2025), https://www.uscourts.gov/data-news/judiciary-news/2025/11/24/bankruptcy-filings-increase-10-6-percent; Dietrich Knauth, *Northern Texas sees rise in number of bankruptcy cases, surpassing New York and New Jersey*, REUTERS (Sept. 26, 2025), https://www.reuters.com/legal/government/northern-texas-sees-rise-number-bankruptcy-cases-surpassing-new-york-new-jersey-2025-09-25/.

[10] *Judiciary Funding Runs Out; Only Limited Operations to Continue*, UNITED STATES COURTS (Oct. 17, 2025), https://www.uscourts.gov/data-news/judiciary-news/2025/10/17/judiciary-funding-runs-out-only-limited-operations-continue.

[11] *See supra* § III.B.iii, discussing how Defendants have not engaged in forum shopping.

[12] *See supra* § III.B.vi, discussing Mr. Neugebauer's right to a jury trial.

attorneys' fees and costs while another court spends time getting up to speed on the facts and law of this case, because this lawsuit involves completely different factual and legal issues than the bankruptcy case. *See In re Drs. Hosp.*, 351 B.R. at 853 (noting that parties would be prejudiced if the court abstained because of expense of a new court having to become acquainted with the facts and law of the dispute). Further, Mr. Neugebauer has not sought abstention late in the game after important factual and legal issues have already been resolved, and instead has sought abstention from the start of this adversary proceeding.[13] *See id.* (the fact that the court had already held a hearing on pending motions for summary judgment weighed in favor of prejudice).

**ii. The balance of the factors weighs heavily in favor of abstention**

The overwhelming balance weighs in favor of abstention: ten out of fourteen factors weigh in favor of abstention. This very Court has granted permissive abstention when only four factors weighed in favor of abstention. *See In re With Purpose*, 654 B.R. 715, 730-31 (Bankr. N.D. Tex. 2023) (Larson, J.) (granting abstention when issues were non-core, state law predominated, lawsuit only involved non-debtors, and there was no jurisdictional basis for the suit other than "related to" jurisdiction); *see also In re Houston Reg'l Sports Network, LP*, 514 B.R. 211, 217 (Bankr. S.D. Tex. 2014) (granting abstention when six factors favored abstention, two factors favored retention, and two factors were neutral). Thus, abstention is warranted based on the overwhelming balance of the factors in favor of abstention.

However, the case for abstention is even stronger when considering which arguments are of greater importance and persuasion. *See In re Houston*, 514 B.R. at 217. The fact that this proceeding involves non-core issues with little or no relationship to the bankruptcy estate is particularly compelling. *See id.* Simply put, Chubb's Complaint involves state common law and

[13] *See supra* § III.B.iv, discussing how the parties have not invested significant resources in this proceeding before the Court and will not therefore "lose" any amounts spent in this Court beyond this motion

statutory questions of the duties a non-debtor insurer owes to its non-debtor insureds. The outcome will have no impact on the bankruptcy estate and has not been extensively litigated in this Court.

For these reasons, permissive abstention is warranted here.

## IV. CONCLUSION

This Court should withdraw the reference because it was improper in the first place. Chubb's Complaint is a dispute between non-debtors over state law extracontractual and tort damages that will have no effect on the bankruptcy estate. Thus, it neither arises under Title 11, arises in a Title 11 case, nor relates to a Title 11 case. Further, withdrawal of the reference is proper because all of the Fifth Circuit's *Holland* factors weigh heavily in favor of withdrawal. Therefore, Defendant Neugebauer respectfully requests that this Court enter an order withdrawing the reference of Chubb's Complaint, or, in the alternative, abstaining from adjudicating this non-bankruptcy lawsuit.

Dated: January 30, 2026

Respectfully submitted,

By: *_/s/ Mark A. Castillo*
Mark A. Castillo
Texas Bar No. 24027795
markcastillo@ccsb.com
Marisa O'Sullivan
Texas Bar No. 24075611
mosullivan@ccsb.com
**CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.**
901 Main St., Suite 5500
Dallas, Texas 75202
Telephone: 214-855-3000
Facsimile: 214-580-2641

**COUNSEL FOR DEFENDANT TOBY NEUGEBAUER**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2026, a true and correct copy of the foregoing document was served on all parties via ECF-Notice or email in this case.

*/s/ Victor G. Solyanik*
Victor G. Solyanik

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE | § | CHAPTER 7 |
| | § | |
| WITH PURPOSE, INC., | § | CASE NO. 23-30246-MVL-7 |
| | § | |
| DEBTOR. | § | |
| | § | |
| | § | |
| FEDERAL INSURANCE COMPANY | § | |
| | § | |
| PLAINTIFF, | § | ADV. CASE NO. 25-03111-MVL |
| | § | |
| TOBY NEUGEBAUER, BRYAN JOINER, CHARLES HAMILTON, JOHN NORWOOD | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | |

**ORDER GRANTING MOTION TO WITHDRAW REFERENCE**

Upon consideration of *Defendant Neugebauer's Motion for Withdrawal of the Reference* and the Court having found that notice was good and sufficient, and having considered any objections and responses to the Motion that were filed with the Court, all evidence introduced and argument made at the hearing on the Motion, and sufficient cause appearing to the Court to grant the Motion, it is hereby

ORDERED that the Motion is granted;

ORDERED that the Order of Reference be withdrawn that was entered under Miscellaneous Order No. 33 of the United States District Court for the Northern District of Texas; and

ORDERED that the proceeding styled as Adversary Proceeding No. 25-03111-MVL currently pending before the United States Bankruptcy Court for the Northern District of Texas be immediately transferred to the United States District Court for the Northern District of Texas.

SIGNED this ______ day of _________, 2026.

___________________________
Judge Presiding